Kirkpatrick, C. J.
— In this case the defendant below, appeared on the return day of the summons, and pleaded, by way of plea in abatement, that he had not been summoned five days before the day of appearance.
. As the act is positive on this matter, it would seem that this plea, if verified, would be good. Yet the justice, without trying the truth of it, or passing any judgment upon it, proceeded to issue a venire, to try the merits of the cause, and to render a judgment. And this is assigned as one reason of reversal.
The proceeding was irregular. The plea in abatement should first have been disposed oil Justices cannot contravene the law. They cannot compel parties to answer on shorter notice than the law allows.
For this cause, I think the judgment must be reversed.
Rosseei, J. — Concurred.
Penningtox, J.
— The return of the constable, in this case, is defective; being in these words, “Served for the above date' by copy.” The return of the constable, in case of service by leaving a copy at the place of abode of the defendant, should be—
I served the within summons, on the day of by leaving a copy of the same, at the place of abode of defendant, in the presence of A. E., a white person of the family, above the age of fourteen years; and at the [*] same time informed the said Á. B. of. the contents of the said summons, the said defendant not being found.
The act of Assembly, as I apprehend, requires all this to be done to make a legal return. The Court must be informed of the manner in which the summons was served, and the time of service, that they may judge of the legality of the service. (a) But this defect may be cured by the appearance of the defendant, and making no exception as to the manner or time of service, or making such exception as shews that the summons hath been legally served, which I apprehend to be the case here. I take the rule to be, that the Court will not take notice of fractions of days; and that the manner of reckoningthe time in this case, is, one day exclusive, and the other day inclusive; that is, the day of service exclusive, *43 and the day of return inclusive. This manner of reckoning will make out the time, and establish the service of the summons.
But I take it, that this judgment must be reversed on another ground. The justice adjourned the trial beyond fifteen days from the return day of the summons; that is, from the 8th day of December, 1804, to the 15th; and from the 15th to the 24th. Tbe act does not merely prohibit an adjournment for more than fifteen days at a time, hut to a time not exceeding fifteen days from the return of the summons ; either there ought to be but one adjournment; or if there are several, they ought not altogether to extend beyond fifteen days from the return day — otherwise it would be in the power of the justice to avoid this restriction in the act altogether. For this cause, it is my opinion, that this judgment must be reversed. — Judgment reversed.

 Vid. post. *63, *84, *95, *155, 1 Halst. 130. 1 Green 340. — Ed.